May proceed. Thank you. May it please the court Jennifer Gill with the Federal Public Defender's Office for Lucky Iromuanya Lucky Iromuanya is serving a up to life imprisonment for attempted second-degree murder and second-degree murder charges Which stemmed from an altercation at a Lincoln house party a college house party in Lincoln During the altercation. Mr. Iromuanya fired a shot which struck Nolan Jenkins The bullet exited. Mr. Jenkins Skull and then traveled on to strike and kill Jenna Cooper and While the jury was deliberating. Mr. Iromuanya's fate between Second-degree murder and manslaughter. It sends a question to the judge asking Can a sudden quarrel be a consideration when making a decision a decision of not guilty or guilty In the charge of attempted second-degree murder and This question is the question that gets to the heart of the due process Problem in this case in my argument. I will address why as a matter of federal due process Sudden quarrel provocation must be considered in Determining guilt or innocence on second-degree murder when there is a choice between second-degree and manslaughter why the juror what why the state has to bear the burden of Proving the absence of sudden quarrel provocation and how mr Iromuanya has done everything required of him to earn relief for the failure to it So instruct the jury here in this federal proceeding. I Guess I'll start with the first question of Presentment because that's a prerequisite to you being able to consider the due process question here the district courts and of course the state will argue that the Issues that mr. Iromuanya is presenting here in his federal habeas claim were not fairly presented in the state courts But they're using a standard that is not the standard that this court or that the Supreme Court Uses to determine fair presentments basically, what is required of a person to fairly present to the state court is To fairly apprise the state of the claim that you're making you don't have to make the duplicate claim You don't have to Necessarily do it as artfully as could be done but you have to let them know the basis of your claim the federal constitutional provisions on which your claim rests and Mr. Iromuanya did that I would say that he Skirted around the edges in his direct appeal, but in his state post conviction motion and then especially his state post conviction appeal He raised every single point that he is currently making in this case In the 2254 action he identified the constitutional provisions of the Fifth Amendment and the Fourteenth Amendment He argued in terms of why this these instructions did not comport with federal due process he referred to federal cases when he made those claims and He basically identified exactly the issue that we have all that we're making here today What is more the state court I would argue the Nebraska State Court knew very well that he was making a due process claim because it addressed that claim in its decision it it basically Gave a couple of paragraphs specifically to the due process argument Addressed it in terms of element shift or burden shifting elements that had to be proved used the language of due process refer to due process So the state has had the opportunity that it is required to have to correct its error The requirements. Do you have any case law? Understand your argument in 2254 the whole theory is is to let the states have the first shot at these issues in their own criminal prosecutions But you have a case where the Defendant now the plaintiff did not Raise it, but the the state courts did discuss it and raise it and to say that's a comply That's therefore it's not procedurally defaulted because even though the petitioner didn't raise it the courts addressed it Your honor. I don't recall finding any cases that are this close. I just find the general principles that fair appraisement Is your requirement and certainly if the state addressed the issue It seems to me a natural implication that they had they were fairly apprised of what the argument was I can't give you an on-spot case, but it just naturally follows from what the cases require Are we presuming in this case that there was a sudden quarrel or acts of provocation? Involved here as a matter of fact Your honor there were certainly a lot of facts in the record that would suggest That that standard had been met. There was the initial scuffle between mr. Jenkins and Mr. Irromania happened outside of the house party Mr. Jenkins rushed my client Pushed back and then it happened two minutes later was when the firing happened found out that he'd made a mistake in the Accusation and was going to apologize. Is that the facts that we have here? Well the question of whether he Whether mr. Irromania ever knew that that was his intent is the question There's disputed testimony on that Miss some of the witnesses said we don't know if he even heard that we were screaming He's trying to apologize because of the general a so Your client state of mind that we look to and deciding this whether he had the whether he understood that the man was coming back to Apologize or or he didn't understand that. Is that the factual test here? well, I think that the jury could have decided that if he did not hear that that He would have been in a position where a reasonable person's Ability to reason had been Compromised. So I mean, I think that would be a question in fact for the jury. Obviously the jury Found it important because they asked the question about it. So There's no question. I don't I don't think that the that the instruction of sudden parole manslaughter was Appropriate here the fact supported it and the jury found it important The problem was that they were not allowed to consider it at a meaningful point. They were told no It's not relevant on a second-degree murder charge, and that's the error. I think they were Bottom-line question is whether there's an overlap. I think His defense was as I just shot to scare him. I was just trying to do that he didn't really raise the sudden quarrel that much but Is there an overlap between those it seems to me that you could be arguing a sudden quarrel also by saying I Fired to scare them because we'd had this argument Again, I don't know if there's any what the law in Nebraska is on that or if you can have a Sudden quarrel and I'm just trying to square scare him as a part of the sudden quarrel I don't think there's anything that would preclude Both arguing sudden quarrel manslaughter and self-defense, which is I would say that what happened at trial was the defense counsel Was more focused on self-defense and at the time The intent was probably more important than talking about sudden quarrel because under the law at the time Manslaughter was considered unintentional no matter how it was done. So it makes sense how he argued it at the time But strangely the support the state was the one who injected sudden quarrel Especially into closing arguments They basically say well, you're gonna see this language about sudden quarrel Don't worry. We're not in sudden quarrel territory here. So the jury it was set up for the jury Perhaps in a strange way, but I would say that the defense that was asserted by trial counsel for mr. Irromania did overlap with sudden quarrel and Might sudden quarrel might not have been the main focus, but it was certainly squared up for the jury to Decide and again, they said it mattered. They asked the question Now this came up On post conviction review in Made its way to the Nebraska Supreme Court, is that correct? Yes and direct appeal and then a post conviction. Yes, and and the Nebraska Supreme Court on post conviction review Confirmed that the absence of sudden quarrel was not an element with respect to second-degree murder That correct That certainly is what they imply in their paragraph or so Discussing that the due process issue. What do we do with that? What how? This doesn't that resolve this or go a long ways towards resolving this this issue and and stand as an obstacle to your Arguments no because you are the arbiter what the due process Clause says and so if that's a if that's a due process finding which it is then you have the obligation Under review to decide whether that's clearly unreasonable and it is because You know of Mullaney versus Wilbur beats because of Martin versus Ohio because of all of those due process cases that say if you have Distinguishing factors such as sorrel sudden quarrel provocation. That is the the main fact which divides the two Degrees of homicide Then you have to show you the jury or the state has to prove that and the jury has to be able to consider that on the higher charge so that was a Plainly unreasonable determination of federal law. So it is well, what about the rule that that on these? 2254 The state's say what the elements are what they can and can't do and why is this just not a? State state of Nebraska saying what the elements of the crime are or not. Well, the state can define what the elements The state could say that this is the way we look at our statutes but then the federal government has something to say that the federal courts have something to say about whether or not that Comports with federal due process in the same way that Mullaney versus Wilbur did I mean that was a state case where the state defined its elements and then Put the burden on the defendant to disprove something and So they didn't just rest on well, that's what the state says it is. So, you know and instead they said well Does that comport with due process? So that's what we're asking here Now that the state has defined what sudden quarrel man or what's sudden quarrel provocation does what the operation of that is then you decide Whether it's a matter of federal due process that comports with Constitution I'm gonna save the rest of my time for rebuttal. Thank you Okay Morning mr. Smith. Good morning May it please the court James D Smith Solicitor General, Nebraska Attorney General's Office I'm appearing on behalf of the appellee Scott Frakes who is the director of the Nebraska Department of Correctional Services Erromania's brief Raises two issues one whether a federal due process his federal due process claim was procedurally defaulted by not being fairly presented to the Nebraska Supreme Court and second whether the jury instructions in Erromania's trial violated due process by relieving the state of the burden to prove the absence of said sudden quarrel for the crime of second-degree murder and that the jury was Prevented from considering Erromania's defense. That's the way they've articulated the issues The first thing as far as the federal due process claim it was procedurally defaulted I would refer this court to pages 25 to 26 of the district courts decision which does an excellent job of outlining The procedural default I frankly don't think I could do a better job of explaining it than the district court did but the district court does point out that the Federal due process claim was never raised in Erromania's Direct appeal to the Nebraska Supreme Court. It would be procedurally defaulted because of that because of Nebraska's All claims have to be raised at the first opportunity and he clearly did not do so on direct appeal The district court also points out that the federal due process claim was not raised in Erromania's Post-conviction appeal to the Supreme Court and the district court points out that the Nebraska Supreme Court addressed Erromania's claim only through the filter of the Sixth Amendment claim of ineffective assistance of counsel which was how it was raised in the Post-conviction appeal that's a totally different analysis for ineffective assistance of counsel Then the federal due process claim that's now being made As far as the substantive issue of whether there was a due process violation There was none The jury was correctly instructed as to the material elements of the crime of second-degree murder as and this is important as defined by Nebraska state law at the time of the crime and the trial and the Jury instructions properly instructed the jury that the burden was on the prosecution To prove those material elements of the state crime beyond a reasonable doubt that satisfies constitutional due process The elements of second-degree murder were a matter of state law not federal law Nebraska law as articulated by the Nebraska Supreme Court Defined the law of second-degree murder at the time and the jury instructions correctly defined those elements and set them out And as the US Supreme Court said in Estelle It's not the province of a federal habeas court to re-examine state court decisions on state law questions standard of review under federal EDPA statutes is that a state courts application of clearly established federal law must be objectively unreasonable not merely incorrect and it has to be clearly established federal law as determined by the Supreme Court of the United States And what was the Jury's question that brought up this sudden quarrel issue They asked a jury question about said and quarrel being applicable to attempted second-degree murder Not second-degree murder, but attempted second-degree murder the record reflects that It was discussed by counsel for both parties with the district court defense counsel agreed That The instruction as given were correct and not request any additional instruction and so none was given There is one thing I do want to follow up concerning judge beams question as far as whether we are or Erromania is presuming there was a sudden quarrel the answer that is absolutely yes Because the record And it comes right out of the Supreme Court's direct appeal Shows that Erromania's defense was that of an accidental Shooting his defense was not that of an intent to kill in the heat of a sufficient legal provocation And even from the opinion the Supreme Court Noted that Erromania's statement quote he admitted that he intentionally fired the shot But stated he did not intend to kill either Jenkins or Cooper and that he was attempting to shoot to the side to scare Jenkins Away, and also that when the male being Jenkins continued to approach Erromania stated I shot by him hoping to scare him and his friends in other words He was claiming it was an accident. I was not trying to kill anyone And did not kill anyone in the heat of passion in which my reason was had frankly escaped me there are two recent Nebraska Supreme Court cases since Since Erromania started me, and I think it was 2011 when the Nebraska Supreme Court added this negative element of of a of I Voluntary manslaughter in heat of passion for Second-degree murder there are two Nebraska Supreme Court cases that specifically point out in the absence of the evidence of legal provocation there is no Prejudice for the jury not being instructed on that negative element in second-degree murder Those cases are State v. McCurry 891 Northwest 2nd 663 and State v. Smith 806 Northwest 2nd 383 when and that's the latter cases when the Nebraska Supreme Court did redefine under state law the elements of second-degree murder But even in Smith when that negative element was not given to the jury the Supreme Court said There's no prejudice because there wasn't evidence of legal provocation Erromania's own statement is I'm not trying to shoot anyone. I'm basically firing a warning shot he also his statement would reflect that I Shot by him hoping to scare him and his friends which shows He's got time to liberate time to think and he's not just firing something in the heat of passion and then kill someone so in summary The district court frankly wrote a very excellent opinion. It addresses these issues that addresses them thoroughly And the district court should be affirmed Okay, thank you, mr. Smith miss gilgaz some time left You I Might not use all my time. I just want to address a couple of things that the Assistant Attorney General mentioned And he mentioned this in the brief to that. There are some kind of default because we didn't but because mr. Erromania did not follow the state rule that you first bring your issues up At the first opportunity, which in this case he believes would have been direct appeal. There's been no finding in any Nebraska decision that mr. Erromania did not follow a state rule so I don't think it's the the default here First of all, it didn't happen. But second of all, it certainly didn't happen because It didn't because mr. Erromania, you know failed to follow some step There was no finding of that in the Nebraska Supreme Court and that should certainly not be the basis of any default decision With Respect to state versus Smith the 2011 case there are two Smith cases, but that first one where the Nebraska Supreme Court basically recognized That the instruction should be as we explain them to be In that case, I mean the facts were just very different So, you know, they did they didn't find prejudice for the failure to instruct on that negative element but Because we had I mean even the judge in this case he instructed on Sua-sponte by the way on second degree or on the second degree murder charge He also gave the sudden quarrel manslaughter and the manslaughter instruction on his own So clearly the trial judge found ample evidence of sudden quarrel provocation So, you know the fact that Smith wasn't prejudiced by the failure to give that negative element instruction Doesn't have any bearing on whether that instruction would have been proper in this case And that I guess is how I'd like to conclude I just want to remind you that The jury question that I started with shows that that sudden quarrel provocation was eating at them It was important to them It was probably the difference where it certainly could have been the difference between a life sentence and a sentence that was a maximum of 20 years and these kinds of errors are the errors that federal habeas is designed to correct and so we do ask you that you Reverse the district courts opinion. Thank you. Thank you very much. Thank you both for your arguments We will be back to you in due course